## (December 12, 1977)

■ DOLORES E. BECKER et al., Appellants, v EUGENE D. SCHWARTZ et al., Respondents.—In an action, *inter alia,* to recover damages for medical malpractice, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated October 5, 1976, which granted defendants' motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint and each of the four causes of action set forth therein. Order modified, on the law, by adding to the decretal paragraph thereof, after the words "is granted", the following: "to the extent that the first and second causes of action seek to recover damages as to the claim for psychiatric injuries or emotional distress of plaintiff Dolores E. Becker and to the extent that plaintiff Arnold Becker's claim for loss of services and medical expenses is based upon such psychiatric injuries, and motion otherwise denied." As so modified, order affirmed, with $50 costs and disbursements. Assuming, as we must, the truth of plaintiffs' allegations, that defendants were negligent in failing to give the female plaintiff sufficient information concerning her condition and alternatives so that she could reasonably decide whether she was willing to undergo the entire pregnancy and deliver the child or abort the pregnancy (see *Howard v Lecher,* 42 NY2d 109, 112), we hold that it was error to dismiss plaintiffs' third and fourth causes of action (see *Park v Chessin,* 60 AD2d 80). So much of the first and second causes of action as seek damages

for emotional distress were properly dismissed (see *Howard v Lecher, supra;* see, also, *Park v Chessin, supra).* Margett and Damiani, JJ., concur; Titone, J., concurs in the reasoning and result of the majority as to its dismissal of so much of the first and second causes of action as pertain to psychiatric injuries or emotional distress, and concurs in the result as to the third and fourth causes of action, with the following memorandum in which Hopkins, J. P., concurs: Without withdrawing in any way from the views expressed in my dissent in *Park v Chessin* (60 AD2d 80, 89) but solely on the constraint of the majority holding in that case, I reluctantly concur for reinstatement of the third and fourth causes of action. In the third cause of action, the plaintiff parents seek damages for the expenses of raising and institutionalizing the afflicted child; while the fourth cause of action, brought by the parents on behalf of the child, seeks damages on the ground that she should have been aborted. As I stated in the *Park* case, I believe such causes of action, be they instituted on behalf of the parents or the child, (1) are not cognizable at law since they seek recovery of damages solely because of the existence of life or wrongful life, rather than no life at all (cf. *Williams v State of New York,* 18 NY2d 481; *Stewart v Long Is. Coll. Hosp.,* 35 AD2d 531, affd 30 NY2d 695) and (2) would open the way to the assertion of fraudulent claims and cause the courts to enter a field having no sensible or just stopping point. However, in view of the majority's determination in the *Park* case, I am compelled to vote with it to reinstate the third and fourth causes of action.